IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Boris Shulman, ) | C/A No.: 3:21-1887-CMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| Lendmark Financial, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Boris Shulman ("Plaintiff"), proceeding pro se, originally filed his complaint against Lendmark Financial ("Defendant") in the Magistrate's Court of Richland County, South Carolina, concerning the way in which Defendant serviced Plaintiff's loan. More specifically, Plaintiff alleges Defendant engaged in credit-report inaccuracies and "deceptive behavior to conceal information." [ECF No. 1-1.]. On June 21, 2021, Defendant removed the action to this court based on federal question jurisdiction where Plaintiff's allegations pertaining to allegedly improper credit reporting arise under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").[1]

This matter comes before the court on Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b) [ECF No. 11] and Plaintiff's motion to amend his pleadings [ECF No. 14]. The motions having been fully briefed [ECF

---

[1] Plaintiff agrees that "all allegations could and should be adjudicated" in this court [*see* ECF No. 14 at 1], appearing to concede that his claim against Defendant is pursuant to the FCRA.

Nos. 15–17], they are ripe for disposition.[2]

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.). For the reasons that follow, the undersigned grants Plaintiff's motion to amend, rendering Defendant's motion to dismiss moot.

I.  Factual and Procedural Background

Plaintiff alleges he opened an account with Defendant on September 1, 2016, with a balance of about $5,000. [ECF No. 1-1 at 7]. Shortly thereafter, Plaintiff entered into an agreement with Incharge Debt Solutions Financial ("Incharge"). *Id.* On Plaintiff's behalf, Incharge negotiated with Defendant to modify the terms of a loan Plaintiff had with Defendant, reducing his monthly payments from $185 to $139 and extending the duration of repayment by four months. *Id.*

Plaintiff alleges he attempted to obtain the loan modification terms multiple times from Defendant, including from Defendant's manager, Mr. Ferrique ("Ferrique"). *Id.* Ferrique informed Plaintiff he would provide the requested information to Incharge, but then did not do so when Incharge, at Plaintiff's request, also requested the information. *Id.*[3] Plaintiff states he

---

[2] Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the motion to dismiss and the possible consequences if he failed to respond adequately to Defendant's motion. [ECF No. 12].

[3] Plaintiff identifies Ferrique's behavior as "deliberately deceptive behavior." [ECF No. 1-1 at 7].

approached Defendant in July 2020, and then Defendant's headquarters, to obtain information about the loan modification, but he was not provided the requested information. *Id.*

Plaintiff further alleges that although Defendant was "paid constantly, due to transition to changing due dates with repayment through Incharge, Lendmark for 3 months reported late payments to Credit Bureaus." *Id.* As a result, Plaintiff's credit ratings were impacted, resulting in credit denial and higher interest rates for a number of years. *Id.*

Plaintiff requests the court (1) affirm the terms of the modified agreement with Defendant, (2) order Defendant to provide the loan payoff amount based on the modified agreement, and (3) order Defendant to pay damages for both "putting negative records on my Credit report" and because of "their deliberate, consistent efforts to conceal relevant information about this loan." *Id.*

On July 12, 2021, Defendant filed its motion to dismiss, arguing Plaintiff failed to provide sufficient information to place it on notice as to the claims he asserts and, to the extent Plaintiff is asserting a claim under the FCRA, failed to allege sufficient facts to support a cause of action thereunder. [ECF No. 11].

On July 14, 2021, Plaintiff filed a motion to amend his pleadings. [ECF No. 14]. Plaintiff asks the court to update his pleadings regarding his request for a jury trial and the damages he seeks. Plaintiff also references causes of action for both breach of contract and fraud.

On July 21, 2021, Plaintiff filed his opposition to Defendant's motion to dismiss. [ECF No. 15]. Plaintiff has submitted evidence purporting to show that "payments were consistently done during the same months" that Defendant reported Plaintiff made late payments. *Id.* ¶ 7. Plaintiff additionally submits three letters between him and Defendant. *Id.* ¶ 9f. Plaintiff maintains he has sufficiently pled sufficient facts warranting denial of Defendant's motion to dismiss. Plaintiff clarifies he is bringing two causes of action: one arising under the FCRA and one for fraud. *See id.* ¶¶ 8, 9i; *id.* at 5.

Defendant responded to both of Plaintiff's filing, arguing in part that it "does not contest the Plaintiff's right to file an Amended Complaint," but requests that Plaintiff be required to do so consistent with the applicable Federal and Local Rules [ECF No. 16 at 2], noting also that should the court grant Plaintiff leave to amend, Defendant's pending motion to dismiss would presumably be moot. [No. 17 at 2].

II.   Discussion

   A.   Standard on Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct.

4

1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards*, 178 F.3d at 244. Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion." *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

The complaint, liberally construed, may be attempting to assert a claim

under Section 1681s-2(b) of the FCRA, which relates to furnishers of information. "To prevail on a claim under § 1681s–2(b), a plaintiff must demonstrate that (1) she notified a consumer reporting agency of the disputed information, (2) the consumer reporting agency notified the furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information." *Wilson v. Wells Fargo Bank, N.A.*, C/A No. 2:20-2780-BHH-MHC, 2021 WL 2003524, at *4 (D.S.C. Apr. 30, 2021) (citations omitted), report and recommendation adopted, C/A No. 2:20-2780-BHH, 2021 WL 2003184 (D.S.C. May 19, 2021); *see also id.* ("Plaintiff does not allege any facts showing that [defendant] received notice of a dispute from [any] consumer reporting agency, such as to establish the second prong of a § 1681s–2(b) claim."). Additionally, as to claims grounded in fraud, Fed. R. Civ. P. 9(b) requires plaintiffs to plead "with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *see also Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) ("the 'circumstances' required to be pled with particularity under Rule 9(b) are 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby'") (citations omitted).[4]

---

[4] Based on the current allegations, the court is unable to discern what particular cause of action grounded in fraud Plaintiff is asserting. The discussion above therefore discusses fraud actions in general and does not address particular causes of action based in fraud.

Here, Plaintiff has failed to state a claim for which relief can be granted. For example, Plaintiff fails to allege any communication that has occurred between him and a reporting agency or between a reporting agency and Defendant. Also, for example, Plaintiff has failed to provide any particulars as to the circumstances constituting the fraud alleged, instead alleging only that Defendant, including Ferrique, has failed to provide information he sought concerning the loan modification.[5]

Plaintiff has also moved to amend his complaint. "[L]eave [to amend] shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), and it appears all parties, and the court, agree that Plaintiff should be allowed the opportunity to amend his complaint. Although Plaintiff has offered the amendments he would like included [see ECF No. 14], he has failed to submit a proposed amended complaint, nor does his motion to amend address the deficiencies in his pleadings identified by court above, deficiencies also discussed at length by Defendant in its motion to dismiss.

Plaintiff's motion to amend is granted. [ECF No. 14]. Plaintiff is directed to

---

[5] In his response to Defendant's motion to dismiss, Plaintiff has included limited documentation regarding his claims. [See ECF No. 15-1]. However, Defendant has challenged the authenticity of some of these documents [ECF No. 17 at 3], and "the complaint may not be amended by the briefs in opposition to a motion to dismiss." Deas v. Prudential Ins. of Am., C/A No. 2:17-03016-DCN, 2018 WL 1993869, at *3 (D.S.C. Apr. 26, 2018). Additionally, even if the court were to consider the additional facts alleged, Plaintiff's allegations remain insufficient to state a claim upon which relief can be granted.

7

file an amended complaint no later than August 27, 2021. Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001). Because, generally, "an amended pleading supersedes the original pleading, rendering the original pleading of no effect," *see id.* at 573, Defendant's motion to dismiss is denied as moot. [ECF No. 11].[6]

III.   Conclusion

For the foregoing reasons, Plaintiff's motion to amend [ECF No. 14] is granted and Defendant's motion to dismiss as denied as moot [ECF No. 11]. Plaintiff is directed to file an amended complaint no later than August 27, 2021.

IT IS SO ORDERED.

August 9, 2021                                            Shiva V. Hodges
Columbia, South Carolina                     United States Magistrate Judge

---

[6] The parties also request that Plaintiff be allowed, going forward, to be served certain documents by e-mail. [*See* ECF No. 14 at 2, ECF No. 16 at 3]. According to this district's electronic case filing policies and procedures, a pro se party may not register as a filing user to file electronically with the court's ECF system. Additionally, pro se parties shall be served with electronically-filed documents with the court's ECF system through traditional service. The parties may form an arrangement between themselves as to communication not implicated by these rules.