IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Boris Shulman,<br><br>      Plaintiff,<br>vs.<br><br>Lendmark Financial,<br><br>      Defendant. | Civil Action No. 3:21-cv-1887-CMC<br><br>**ORDER** |

  This matter is before the court on Plaintiff's Complaint removed to this court on June 21, 2021. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings.

  On September 8, 2021, Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint. ECF No. 24. Because Plaintiff is proceeding *pro se*, the Magistrate Judge entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising him of the importance of the motion and the need to file an adequate response. ECF No. 25. Plaintiff filed a response in opposition, and Defendant replied. ECF Nos. 27, 28.[1]

  On October 6, 2021, the Magistrate Judge issued a Report and Recommendation ("Report") recommending Defendant's Motion to Dismiss be granted as to the breach of contract and fraud claims, but denied as to the Fair Credit Reporting Act claim. ECF No. 30. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the

---

[1] Plaintiff also filed a motion for sanctions, which the Magistrate Judge has denied. ECF Nos. 29, 30.

serious consequences if they failed to do so. No party has filed objections and the time to do so has expired.[2]

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After a review of the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Accordingly, the court adopts the Report by reference in this Order. Defendant's Motion to Dismiss is granted as to Plaintiff's breach of contract and fraud claims, and those claims are dismissed without prejudice. Defendant's Motion to Dismiss the Fair Credit Reporting Act claim is denied, and that claim will not be dismissed at

---

[2] Plaintiff filed a motion to amend his motion for sanctions after the issuance of the Report and within the objection period, but did not file objections to the substance of the Report regarding his claims. See ECF No. 31.

this point in the litigation.  This matter is re-referred to the Magistrate Judge for further pre-trial proceedings.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
November 4, 2021