IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Boris Shulman,<br><br>                          Plaintiff,<br>vs.<br><br>Lendmark Financial,<br><br>                          Defendant. | Civil Action No. 3:21-1887-CMC<br><br>**ORDER** |

This matter is before the court on Plaintiff Boris Shulman's ("Shulman") motion for "Emergency Injunctive Order" filed January 6, 2022. ECF No. 42. On January 19, 2022, Defendant Lendmark Financial filed a response opposing the motion. ECF No. 43. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation. On May 3, 2022, the Magistrate Judge issued a Report and Recommendation ("Report"), recommending the court deny Shulman's motion. ECF No. 70. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences of failing to do so. No objections have been filed, and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge in the Report or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). Where as here, the parties have raised no objections to the Report, the court reviews the Report only for clear error. *See Diamond*

*v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (internal quotation marks omitted).

After reviewing the record of this matter, the applicable law, and the Report, the court is satisfied there is no clear error on the face of the record. Specifically, the court agrees with the Report's conclusion Shulman's motion for an Emergency Injunctive Order is without merit, and therefore, should be denied. ECF No. 70, at 7–8. As the Report accurately concludes, Shulman failed to carry his burden of demonstrating even one of the four requirements for entitlement to preliminary injunctive relief. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.").

Accordingly, the court adopts and incorporates the Report by reference as supplemented in this Order. A plaintiff seeking preliminary injunctive relief must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Shulman's motion for an Emergency Injunctive Order is denied.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
May 31, 2022