IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| Boris Shulman, | Civil Action No. 3:21-1887-CMC |
|---|---|
| Plaintiff, | |
| vs. | **ORDER** |
| Lendmark Financial, | |
| Defendant. | |

This matter is before the court on Defendant Lendmark Financial's ("Defendant") motion for summary judgment, filed July 12, 2022. ECF No. 98. On July 13, 2022, because Plaintiff is proceeding *pro se*, the court issued a *Roseboro* order providing an explanation of summary judgment procedures and directing Plaintiff to respond to the motion. ECF No. 99. Plaintiff filed his response in opposition on August 12, 2022. ECF No. 106. Defendant filed a reply. ECF No. 107. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation. On September 6, 2022, the Magistrate Judge issued a Report and Recommendation ("Report"), recommending the court grant Defendant's motion for summary judgment, deny Defendant's motion for attorney's fees, deny Plaintiff's motion for sanctions, and dismiss the case with prejudice. ECF No. 108. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences of failing to do so. Plaintiff filed objections, ECF No. 111, to which Defendant replied, ECF No. 112.

**1) Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of

any portion of the Report to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge in the Report or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). Where the parties have raised no objections to the Report, the court reviews the Report only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (internal quotation marks omitted).

**2) Discussion**

    a. *Motion for Summary Judgment*

The Report recommends granting summary judgment to Defendant on Plaintiff's claim under the Fair Credit Reporting Act ("FCRA"). Although the Magistrate Judge rejected Defendant's claim that Plaintiff's suit was time barred, she found Plaintiff's claim based on Defendant's reporting late payments to Experian should be excluded from consideration because he did not file a dispute regarding this issue until August 2021 and filed this lawsuit on August 23, 2021. ECF No. 108 at 10-11. As the thirty-day investigation period had not yet expired, this claim was not ripe when the action was filed. As to the merits of the balance dispute, the Report found the parties had a genuine legal dispute over the interpretation of a loan modification. Specifically, they disagree whether the modification provided for the balance due on the loan to be reduced at the time the modification was made, as Plaintiff argued, or whether the difference between the original loan value and the modification value was to be forgiven at the end of the term, as Defendant claimed. However, the Report found violations of 15 U.S.C. § 1681s-2(b) must be based on factual inaccuracies, not legal disputes, and as Plaintiff bases his claim on a legal

2

dispute, he cannot prevail on his FCRA claim. *Id.* at 15. In addition, the Report determined Plaintiff failed to demonstrate he is entitled to actual damages, as required for a negligent violation of the FCRA, and did not show a willful violation of the FCRA in order to be entitled to statutory or punitive damages. *Id.*

Plaintiff brings four objections to the Report. ECF No. 111. First, he disagrees that his arguments about Defendant's reporting late payments to Experian should be excluded from consideration because he filed a dispute with Experian less than 30 days prior to filing his Complaint with this court. The Magistrate Judge determined any claim regarding an August 2021 dispute with Experian was not ripe because the 30-day time period for Experian to investigate this dispute had not expired prior to Plaintiff's filing of his Amended Complaint in this court. ECF No. 108 at 10. Plaintiff alleges "there were different angles to look at this subject, including (but not limited to) that Defendant fully exercised its right to respond to CRAs on my disputes." ECF No. 111 at 1. As noted by the Magistrate Judge, she had determined in an earlier Report Plaintiff could not proceed with an action regarding his August inquiry to Experian because Defendant had not breached any duty at the time this action was commenced. Plaintiff has not amended his amended complaint to allege any further wrongdoing after the 30-day dispute period expired. The court therefore overrules Plaintiff's first objection.

Plaintiff next objects to the Report's determination that Lendmark should have reported a smaller balance than it did, arguing the facts are to be considered in the light most favorable to him as the non-moving party, and the loan modification supported his view. He contends Defendant's version of the loan modification contradicts logic and the evidence and should be rejected. Because his payments were modified to $139 per month, and he had 57 payments remaining, he asserts the balance after the loan modification should have been reported as $7,923, instead of the $10,484 reported. However, the

3

Magistrate Judge considered this argument, and determined the dispute between Plaintiff's position and Defendant's explanation, that the loan was not "re-aged" but the balance was to be forgiven at the end of the term, was a legal disagreement not cognizable under the FCRA.

The court agrees with the Magistrate Judge's findings on this issue. The parties had a legal dispute regarding the effect of the loan modification on the balance of the loan, with Plaintiff believing the total amount due was reduced in the contractual loan modification, and Defendant asserting the difference was not to be forgiven until Plaintiff successfully made all 57 payments required by the modification. Taking the facts in the light most favorable to Plaintiff does not mean simply accepting his version of the dispute. In fact, the Magistrate Judge did not accept either side as true or correct, but found as a matter of law a violation of § 1681s-2(b) could not be based on a legal dispute over the terms of a contract such as the loan modification at issue here. Plaintiff does not appear to object to this legal determination by the Magistrate Judge, merely asserting his version of the dispute as to the method of calculating amount due should be accepted as correct. The court overrules this objection.

Plaintiff's third objection disagrees he failed to show Lendmark wilfully violated the FCRA. He contends he has shown Lendmark was acting recklessly by reporting the account was over 30 days late even after the loan modification, which he asserts means Lendmark "had not been aware that Loan Modification took place (which would be a recklessness on part of Lendmark as furnisher)." ECF No. 111 at 7. He also argues the fact that Lendmark reported three 30-days late payments to Experian, but only one to Transunion and Equifax, should be viewed as recklessness. He believes a change in reporting in this tradeline with Transunion and Equifax after he filed the instant lawsuit also shows recklessness sufficient to show a willful violation of the FCRA.

4

As noted by the Magistrate Judge, in order to prove a willful violation of the FCRA, Plaintiff must show Defendant "knowingly and intentionally committed an act in conscious disregard for the rights of the consumer." *Dalton v. Capital Associated Industries, Inc.*, 257 F.3d 409, 108 (4th Cir. 2001). The court agrees with the Magistrate Judge and Defendant that Plaintiff has failed to submit evidence supporting his allegations of willful violations; his unsupported, conclusory allegations as detailed above are insufficient to show recklessness. This objection is overruled.

Finally, Plaintiff objects because his evidence that Lendmark had denied all previous requests for modification "should have played more prominent role in R&R, particularly in assessing Defendant's explanation of Loan Modification Terms, its substance and intent. It could be a decisive factor of rejecting Defendant's assertion that Balance of $10,484 could and should be used in reporting to CRAs." ECF No. 111 at 8. However, as explained above, the Magistrate Judge determined the dispute as to the loan modification was a legal one regarding the impact of the modification. Again, the Report did not make a determination which scenario was correct, but determined the legal dispute was not cognizable under the FCRA. This objection is therefore overruled.

b. *Defendant's Request for Attorney's Fees*

Defendant requests the court award attorney's fees because this action was brought in bad faith for the purpose of harassment, as Plaintiff was a "serial litigant with a significant credit history." ECF No. 98 at 21-22. The Magistrate Judge recommends denial of Defendant's request for attorney's fees, finding the record before the court does not support Defendant's request under the FCRA. ECF No. 108 at 23.

No party has objected to the Report's recommendation regarding attorney's fees. The court discerns there is no clear error regarding this request; therefore, the court adopts the Report as to this point. Defendant's request for attorney's fees is denied.

### c. *Plaintiff's Request for Sanctions*

In his response in opposition, Plaintiff requests the court "censure Defendant for this brazen, frivolous claim" for attorney's fees. ECF No. 106 at 31. The Report recommends denying this request, and no party has objected. Finding no clear error in the Report's analysis on this point, the court adopts the Report as to Plaintiff's request for sanctions and denies the request.

### 3) Conclusion

After *de novo* review of the record regarding portions of the Report to which objections were lodged, the applicable law, the Report, Plaintiff's objections, and Defendant's reply, the court agrees with the Report's recommendations. Accordingly, the court adopts and incorporates the Report by reference as supplemented in this Order. Defendant's motion for summary judgment (ECF No. 98) is granted. Defendant's request for attorney's fees and Plaintiff's request for sanctions are denied. This matter is dismissed with prejudice.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
October 14, 2022